In Tallman v. Murphy, 120 N. Y. 345, 24 N. E. 716, it was also held that, if the landlord commits or suffers acts to be done which make it necessary for the tenant to remove, this is equivalent to expulsion. In the case at bar it did not appear that acts were done which made it necessary for the tenant to remove, and the fact that he did not remove is conclusive that it did not become necessary to do so. In Johnson v. Oppenheim, 55 N. Y. 280, it was held that the building on the adjoining lot, by which the premises of defendant were rendered less commodious or less suitable to his uses, did not affect the right of the plaintiffs to their rent, or authorize the defendants to abandon the premises. Snow v. Pulitzer, 142 N. Y. 263, 36 N. E. 1059, was a case in which the tenant sued for damages on account of the wall of his premises falling when the wall of the adjoining premises was torn down by the landlord. The landlord owned both houses at the time of the lease, and it was held that the landlord could not deprive the tenant of the lateral support of his own walls; but the points of difference between that case and the case at bar are that that was an action for damages, and this was a defense of eviction. There the landlord owned the adjoining premises at the time of the lease, and here he did not. Carter v. Bryon, 49 Hun, 299, 1 N. Y. Supp. 905, was a question on the consent of tenant for landlord to fence off 17 feet of demised lot; and Sirey v. Braems, 65 App. Div. 472, 72 N. Y. Supp. 1044, was whether certain land was included in the lease, and, if it were, an eviction therefrom was undisputed. Neither of these cases are applicable.

Special reliance is placed on Hamilton v. Graybill, 19 Misc. Rep. 521, 43 N. Y. Supp. 1079, and Hall v. Irvin, 78 App. Div. 107, 79 N. Y. Supp. 614. In the former case the landlord partitioned off a hall from which there was an entrance to the tenant's office, thereby depriving him of the means of access to his office, and it was held that was a permanent deprivation; while in the latter case the landlord for a time deprived the tenant of the use of halls, entrances, closets, and other necessary appurtenances to his offices, and it was held that that amounted to an eviction.

We are constrained to hold that the tenant failed to prove acts that constituted an eviction as a defense for his refusal to pay his rent.

The final order should be affirmed, with costs. All concur.

---

(54 Misc. 641)

STEVENSON v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. June 6, 1907.)

1. CARRIERS—STREET RAILROADS—TRANSFERS—PENALTIES—VARIANCE.

Where, in a action against a street railway company for penalty for refusal to give a transfer, the complaint alleged that the refusal was by defendant's conductor and occurred December 7, 1905, while the proof showed that plaintiff applied to defendant's transfer agent on the street for a transfer, which was refused, on July 7, 1905, the variance was fatal.

2. PENALTIES—ACTION—PREVIOUS DEFAULTS.

The institution of an action to recover a statutory penalty against a street car company for refusal to give a transfer operates as a waiver of plaintiff's right to penalties for prior defaults.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Emma L. Stevenson against the New York City Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

James L. Quackenbush (Henry F. Gannon, of counsel), for appellant.

E. V. R. Ketchum, for respondent.

GILDERSLEEVE, P. J.   This is one of numerous actions brought by the plaintiff against the defendant to recover a penalty for refusal to give a transfer. The complaint was verified December 7, 1905, and in it the plaintiff avers that the refusal to give a transfer occurred on that day.   It also alleged that the conductor of a Broadway car upon which she first became a passenger gave her a transfer to the Houston Street line, while her testimony upon the trial was that she obtained a transfer from an agent on the street, and that the refusal to give a retransfer occurred on July 7, 1905.   A motion made by the defendant at the close of the case to dismiss on the ground that the proof failed to conform to the pleadings was denied.   No motion to amend the pleadings to conform to the proof was made by the plaintiff.   Judgment was given in her favor.

The right of a plaintiff to recover in this character of action is purely statutory, and the actions in nearly all cases are merely speculative. In view of the fact that cumulative penalties cannot be recovered, and that the institution of an action for a penalty is to be regarded as a waiver of all previous penalties (Griffin v. Int. St. Ry. Co., 179 N. Y. 449, 72 N. E. 513), it follows that in actions of this character, where the plaintiff has several actions to recover for penalties pending, the proof should be strictly in conformity to the pleadings.   Moreover, the defendant should not be called upon to contest the right of the plaintiff to recover for a violation sworn to in her complaint as having occurred on December 7, 1905, when upon the trial she testifies it was on July 7, 1905.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.